10-1880 (L)
Liu v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

———————————————————————————

| | |
|---|---|
| SAI YUN PAN v. HOLDER, <br> A075 707 183 | 10-1768 (L) <br> 11-117 (Con) |

———————————————————————————

| | |
|---|---|
| YUE JU LIU, PEI YU ZHENG v. HOLDER, <br> A088 778 532 <br> A088 778 533 | 10-1880 (L) <br> 11-318 (Con) |

———————————————————————————

| | |
|---|---|
| YE QING OU v. HOLDER, <br> A078 222 196 | 10-2913 (L) <br> 11-454 (Con) |

———————————————————————————

| | |
|---|---|
| MAO HUI DONG v. HOLDER, <br> A099 934 664 | 10-3085 (L) <br> 11-862 (Con) |

```
_____

RONG RONG QU v. HOLDER,                        10-3812 (L)
A093 389 925                                   11-3622 (Con)

_____

PIN QING DONG v. HOLDER,                        10-4319
A089 255 682

_____

BI YAN HUANG, SONG BIN CHEN v. HOLDER,          11-581
A099 683 828
A099 683 829

_____

CUI LING CHEN v. HOLDER,                         11-1194
A095 846 277

_____

YUE XIA XIA v. HOLDER,                           11-1966
A088 533 378

_____

YAN LI v. HOLDER,                                11-2015
A078 723 486

_____
```

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA that: (1) affirmed a decision of an immigration judge ("IJ") denying asylum and related relief; and (2) denied in the first instance a motion to remand and/or reopen. The applicable standards of review are well-established. *See*

05212012-1-10                            2

*Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on claims that they fear persecution because they have had one or more children in the United States, which they contend is in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158-72.

Although the petitioner in *Rong Rong Qu v. Holder*, Nos. 10-3812 (L), 11-3622 (Con), is from Zhejiang Province and the petitioners in *Jian Hui Shao* are from Fujian Province, the evidence petitioner submitted either related to Fujian Province, or, as with the evidence discussed in *Jian Hui Shao*, did not discuss forced sterilizations or referenced isolated incidents of persecution of individuals who are not similarly situated to the petitioner. *See id.* at 160-61, 171-72. Furthermore, while the petitioner in *Yue Xia Xia v. Holder*, No. 11-1966, is from Zhejiang Province, she testified that she would live in Fujian Province if removed to China.

In *Sai Yun Pan v. Holder*, Nos. 10-1768 (L), 11-117 (Con), *Pin Qing Dong v. Holder*, No. 10-4319, and *Cui Ling Chen v. Holder*, No. 11-1194, contrary to the petitioners' arguments, the BIA did not abuse its discretion in rejecting certain of the evidence submitted with their motions to remand as previously available. *See* 8 C.F.R. § 1003.2(c)(1); *see also Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) ("A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen."). In *Mao Hui Dong v. Holder*, Nos. 10-3085 (L), 11-862 (Con), and *Bi Yan Huang, Song Bin Chen v. Holder*, No. 11-581, the BIA did not err in finding that petitioners failed to demonstrate their *prima facie* eligibility for relief based on the practice of either Falun Gong or a new religion because the evidence they submitted did not demonstrate that Chinese authorities are aware of, or likely to become aware of, their practices. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

We also conclude that the Board did not abuse its discretion when, in certain cases, it declined to credit

letters of a few individuals who claimed they had been required to undergo sterilization because (1) the letter were unauthenticated, (2) Petitioner failed to demonstrate that the circumstances of the authors were similar to his, and (3) the Board in other cases has rejected such isolated reports of forced sterilization in light of significant country evidence to the contrary. *See, e.g.*, *Jian Hui Shao*, 546 F.3d at 153, 159-61, 172.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk